UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUBA DACE, | Case No. 2:23-cv-01586-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| WELLS FARGO,[1] | |
| Defendant. | |

Before the Court is Plaintiff Luba Dace's Motion for Summary Judgement (ECF No. 6) and Defendant Wells Fargo's Motion to Dismiss (ECF No. 9). For the following reasons, the Court grants the Motion to Dismiss, dismisses the Complaint with prejudice, and denies the Motion for Summary Judgement.

The Court first reviews the factual and procedural background of the case. In the Complaint, Ms. Dace alleges that she obtained credit from Wells Fargo on June 20, 2015, and eight years later, on June 28, 2023, she reviewed her credit report. Thereafter, she avers she sent "Debt Validation Requests" to "WF American Gem Society." Finally, Ms. Dace contends that Wells Fargo never validated the debt and that the "WF American Gem Society" debt ("the Credit") remains on her credit report.

On September 4, 2023, Plaintiff Luba Dace filed the operative Complaint in the Eighth Judicial District Court. ECF No. 1-2. The Complaint alleges that Defendant Wells Fargo violated the Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Id. On

---

[1] The Court notes that Defendant Wells Fargo is most properly named "Wells Fargo Bank, N.A." rather than simply "Wells Fargo" as provided in the Complaint. Because this Order disposes of the matter, the Court will simply utilize "Wells Fargo" per the Complaint.

October 4, 2023, Wells Fargo removed the action to this Court. ECF No. 1. On November 17, 2023, Ms. Dace filed the instant Motion for Summary Judgement. ECF No. 6. On December 12, 2023, Wells Fargo responded and filed the instant Motion to Dismiss. ECF Nos. 8, 9. On January 9, 2024, both motions were fully briefed. ECF Nos. 14, 15, 17. The Court's Order follows.

Motions to dismiss are governed by the following standard. An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Ninth Circuit has instructed that "pro se pleadings . . . are to be liberally construed on a motion to dismiss." Capp v. County of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019).

The Court now addresses Wells Fargo's Motion to Dismiss. Wells Fargo argues the Complaint should be dismissed as: (1) Ms. Dace admits Wells Fargo is a creditor, not covered by the FDCPA; (2) her claim is untimely; (3) no debt verification notice was received; and (4) Ms. Dace's requested relief is not available under the FDCPA. Ms. Dace reiterates her allegations

1  and requests the Court liberally construe her *pro se* submissions.

2  Ms. Dace brings her claim under the FDCPA. "In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers." Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004). As such, the statute is liberally construed to protect the "least sophisticated debtor." Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006); see also Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." Clomon, 988 F.2d at 1318-19.

Importantly, the prohibitions in the FDCPA generally only apply to debt collectors. In re Schlegel, 720 F.3d 1204, 1028 (9th Cir. 2013). Indeed, Plaintiff brings her claim under § 1692g, which specifically provides that "a debt collector shall" in some scenarios "send a written notice containing" the material facts concerning the debt. In another case against Wells Fargo, the Ninth Circuit explained that for a motion to dismiss, "the complaint must plead 'factual content that allows the court to draw the reasonable inference' that Wells Fargo is a debt collector." In re Schlegel, 720 F.3d at 1028. The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

First, the Court finds that the Complaint itself pleads Wells Fargo is a creditor and "accepted as true" this undermines her FDCPA claim. Ashcroft, 556 U.S. at 678. The Complaint pleads clearly that "Defendant, WELLS FARGO . . . is a company that engages in the business of issuing consumer credit. (i.e., a creditor under the FDCPA)[.]"

Second, even liberally construing her pleadings, the Court finds that Ms. Dace has not asserted sufficient facts that Wells Fargo is a debtor. The Ninth Circuit has declined to follow other circuits that have held that a "creditor" under the FDCPA *per se* cannot be a debtor; rather, the Ninth Circuit has explained that creditor and debtor are not "mutually exclusive." In re

Schlegel, 720 F.3d at 1028 n.2. Indeed, the Court finds the reasoning relied upon by the In re Schlegal court compelling here. There, the Ninth Circuit explained:

> "According to the Schlegels, the amended complaint sufficiently alleges that Wells Fargo meets the first definition of 'debt collector' by stating that 'Wells Fargo is in the business of collecting debts and uses instrumentalities of interstate commerce in that business.' The Schlegels concede that the complaint does not expressly state that the 'principal purpose' of Wells Fargo's business is debt collection, as required by the first definition in § 1692a(6), but argue that the complaint 'invoked' this concept. We disagree. The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA.
>
> […]
>
> The Schlegels next argue that their complaint adequately alleged that Wells Fargo meets the second definition of debt collector, which as noted above includes any person who 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' § 1692a(6). They contend that Wells Fargo fits this definition because it is in the business of collecting not only the debts it originated, but also debts that were originated by others. In this case, for example, the Schlegels' debt was originally owed to NTFN, Inc. before it was assigned to Wells Fargo.
>
> This argument fails, because it would require us to overlook the word 'another' in the second definition of 'debt collector.' The complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo. Because NTFN, Inc. assigned the Schlegels' loan and deed of trust to Wells Fargo, Wells Fargo's collection efforts in this case relate only to debts owed to itself.

The Court finds these arguments apply with equal force here. Further, Ms. Dace has provided even less factual matter in her Complaint than the In re Schlegal plaintiffs.

In sum, because the Complaint fails to allege that Wells Fargo is a debt collector under the FDCPA, the Court finds that Ms. Dace has not pleaded factual mater sufficient to "plausibly suggest[] a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969. Because this resolves the Motion to Dismiss in Wells Fargo's favor, the Court declines to consider Wells Fargo's other arguments or Ms. Dace's now-moot Motion for Summary Judgement. Further, the Court finds

that, considering the pleaded facts and record, amendment would be futile. See <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990). Therefore, the Court declines to grant Ms. Dace leave to amend the Complaint.

For the foregoing reasons, **IT IS ORDERED** that Defendant Wells Fargo's Motion to Dismiss (ECF No. 9) is **GRANTED**. The Complaint is **DISMISSED with prejudice.** The Clerk of Court is instructed to close this case.

**IT IS FURTHER ORDERED** that Plaintiff Luba Dace's Motion for Summary Judgement (ECF No. 6) is **DENIED** as moot.

**DATED:** September 29, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**